## SUCCESSION OF TAYLOR, on Opposition to an Account.

The Act of March 17th, 1852, "To provide a homestead for the widow and children of deceased persons," does not protect the property of the succession from creditors, whose claims existed prior to the passage of the act.

APPEAL from the District Court of Ouachita, *R. W. Richardson*, J. *McGuire & Ray*, for plaintiffs. *Garrett*, for opponent and appellant. *Morrison, pro se.*

MERRICK, C. J. This case presents a question as to the construction of the Act of the Legislature, approved March 17th, 1852, and entitled "an Act to provide a homestead for the widows and children of deceased persons."

The fund in contest proposed to be distributed, arises from the sale of property owned and possessed by the intestate, prior to the passage of the act.

The widow, who is administratrix of the succession, proposes to distribute one thousand dollars of said fund to herself and the minor children, in virtue of this act of the Legislature. If her claim is allowed, it leaves $26 15 to be distributed to the mortgage creditor, and leaves the balance of his claim and the claims of the other opposers, some partly and others entirely, unpaid.

The Judge *a quo* allowed the claim of the widow and heirs, and the opponents have appealed.

They contend that the judgment of the lower court is erroneous, inasmuch as their debts existed prior to the passage of the law, and the statute taking from them all remedy, is unconstitutional and void.

The statue provides as follows, viz: Section 1. "Whenever the widow and minor children of a deceased person, shall be left in necessitous circumstances, and not possess, in their own right, property to the amount of one thousand dollars, the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of their deceased father or husband, a sum, which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which said amount shall be paid in preference to all other debts except those for the vendor's privilege and expenses incurred in selling property."

Sec. 2. "The surviving widow shall have and enjoy the usufruct of the money so received from her deceased husband's succession during her widowhood, afterwards to vest in and belong to the children or other descendants of said deceased."

We think the question presented to us under this statute, is one of construction, and does not of necessity involve a question of the constitutionality or unconstitutionality of the act. Did the Legislature intend to give the widow or heirs this one thousand dollars to the detriment of the right of creditors existing prior to the passage of the act? We think not, and will mention a few of the considerations which lead us to this conclusion.

I. In many, if not all of the parishes of the State, there were, at the time of the passage of the act, a great number of small estates, which were held by the mere sufferance of the creditors, who were willing to leave the debtor in the undisturbed possession of property, bought mediately or immediately with means furnished by themselves, trusting to the law as it then stood for reimbursement, out of the property of their debtor.

In reference to these small estates, one thousand dollars is a large sum, and if taken out of them would, in all instances, greatly reduce, and in some instances entirely absorb them. To construe the statute, therefore, in such a manner as to deprive these creditors of their claims upon the property of the deceased, would be to declare that we believe the Legislature intended to legislate away the rights of one class of persons and bestow them upon another; an injustice which we cannot suppose for a moment the Legislature intended to commit.

II. By Article 3150 of the Civil Code, it is declared, that the "property of the debtor is the common pledge of his creditors, and the proceeds of its sale must be distributed among them ratably, unless there exists among the creditors some lawful causes of preference." This was the law under which the rights of three of the opposers were acquired. We do not think this Article of the Code a mere idle recognition of an equitable principle not intended to give the creditor any positive right to the property of his debtor. On the contrary, we think the whole of our legislation recognizes such an interest of the creditor in the property of the debtor, as to give to the creditor the right to watch over this common pledge, and prevent the debtor himself from fraudulently parting with it. Such are the provisions of the Civil Code, traced in relation to the revocatory action. Such, also, is the nature of the rights of a creditor over the surrendered estate of his debtor, and over the property of the succession on which he has a claim under administration. We think, there-

fore, had the Legislature intended to take from the creditor this recognized <span style="float:right">SUCCESSION OF<br>TAYLOR.</span> right of pledge, it would have expressly so declared.

III. It is a well settled rule of construction consecrated also by Article 8 of the Civil Code, that " a law can only prescribe for the future; it can have no retrospective operation, nor can it impair the obligation of contracts." Had this Article of the Code been re-enacted with the above recited statute, we suppose it would hardly be contended that the statute could be so construed as to act upon the past and to deprive the creditors of the rights (which then belonged to them) over the property of their debtor. The article being unrepealed, can hardly have less force than if re-enacted with the statute. We think it is a safe rule of construction, and one which should be applied to the particular case before us.

Proceeding, therefore, to give effect to these views, we find that the judgment of the lower court must be reversed as to the sum of one thousand dollars decreed to the widow and heirs, which must be distributed as follows, viz :

To *Fenetta Newman*, wife of *David Haslay*,     -    -    -    -     $192 50

To *J. P. Crosby & Co.*, in addition to the amount allowed them out
   of the proceeds of the crops,     -    -    -    -    -    -     54 05

To *Williams, Phillips & Co.* in addition to the amount allowed them
   out of the crops,     -    -    -    -    -    -    -    -    -     37 07

Residue of said $1000, to the said widow and heirs, viz:     -    -     716 38

The claims of *C. H. Morrison* and *Isaac Collins* do not clearly appear to have existed prior to the act of 1852. Neither is the claim of *Williams, Phillips & Co.* for commissions, satisfactorily established. As the administratrix has not appealed, we do not think the judgment can be amended in favor of *Norwood*, himself an appellee.

It is therefore ordered, adjudged and decreed, by the court, that so much of the judgment of the lower court as decrees to the said *Elizabeth Taylor* and the minor heirs of *John Taylor*, deceased, the sum of one thousand dollars, be avoided and reversed; and now proceeding to pronounce such judgment as should have been rendered by the lower court in this respect: It is ordered, adjudged and decreed, by the court, that the said opposition of *Fenetta Newman*, wife of *Haslay*, be sustained; and that the said administratrix pay and distribute to her, the said *Fenetta Newman*, the sum of one hundred and ninety-two dollars and fifty cents, and that the opposition of *J. P. Crosby & Co.* and *Williams, Phillips & Co.* be also sustained, and that said administratrix, in addition to the proportion of the proceeds of the cotton already allowed said *J. P. Crosby & Co.* by the decree of the lower court, do allow and pay them, said *J. P. Crosby & Co.*, the sum of thirty-seven dollars and seven cents ; that said administratrix also pay to said :*Williams, Phillips & Co.*, in addition to the proportion of $455 29, the proceeds of the cotton crop allowed them by said decree of the lower court, the further sum of fifty-four dollars and five cents. And it is further ordered, that the said judgment of the lower court be in all other respects affirmed, said widow and heirs being allowed the residue of said sum of one thousand dollars, after making the payments herein decreed. And it is further ordered, adjudged and decreed, that the costs of the appeal be equally divided between and paid by *Charles H. Morrison, Isaac Collins*, and *Elizabeth Taylor*, individually and representing the minor heirs of *John Taylor*, deceased.